*E. M. NADAL et al. v. E. E. BRITTON, Administrator of R. W. King, deceased, et al.

(PLAINTIFFS' APPEAL).

*Fraudulent Conveyance—Decree Setting Aside, and Ordering Sale—Right of Holder of Bona Fide Debt to Share in Proceeds of Sale.*

Upon the setting aside, as fraudulent and void, a deed in trust made by a decedent to secure a debt due to his wife, the land therein described will be sold and the proceeds will constitute assets for payment of debts, under section 1446 of *The Code*, and if the wife is a creditor she will be entitled to her share of the same. In such case it was not error to provide for her claim (which was not attacked) in the decree setting aside the conveyance and establishing the claims of the attacking creditors.

CIVIL ACTION, tried at February Term, 1892, of WILSON Superior Court, before *Bryan, J.*, and a jury.

The action was in the nature of a creditor's bill against the defendant Britton, as administrator of Dr. R. W. King, Peter Hines, trustee, and Carrie J. King, widow of the decedent and the holder of the note secured by the deed of trust, and sought to set aside the deed as fraudulent.

Upon issues submitted to the jury they found that the deed of trust was executed and delivered and that it was made by the decedent to hinder, delay and defraud his creditors. Judgment was rendered for the cancellation of the deed and for a sale of the land. The *bona fides* of the debt secured by the deed not having been denied, it was admitted with the other debts proved against the decedent to share in the proceeds of the sale. From the judgment in this respect the plaintiffs appealed.

---

*SHEPHERD, C. J., did not sit on the hearing of this case.

For a full statement of the nature of the action, evidence, etc., see report of case between same parties at this Term (defendants' appeal).

*Messrs. J. E. Woodard, Batchelor & Devereux, G. W. Blount* and *Bunn & Battle,* for plaintiffs (appellants).

*Mr. T. W. Strange,* for defendants.

BURWELL, J.: We find no error in the ruling from which the plaintiffs have appealed.   If the deed in trust made by Dr. King to secure the debt due to his wife is, at the instance of the plaintiffs, declared fraudulent and void, the real estate therein described will be sold and the proceeds will constitute assets for the payment of his debts. *The Code,* §1446.   If his wife is a creditor, she will be entitled to her share of those and other assets.

No Error.